**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50752
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN PATRICK VALDES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-02-CR-1326-1-PRM
--------------------

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM:*

Ruben Patrick Valdes appeals his convictions and sentences for conspiracy to smuggle aliens and transporting aliens. He argues that the evidence is insufficient to support his convictions and that the district court erred in applying the eight-level enhancement in U.S.S.G. § 2L1.1(b)(6)(4). Valdes argues that there was no evidence tying him directly to the July 27, 2002, load in which two people died while being transported

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the back of an unventilated and unrefrigerated trailer.  He also contends that the evidence was insufficient to tie him to the conspiracy or to show that the deaths were the result of the conspiracy.  Valdes asserts that the eight-level enhancement for conduct resulting in the death of any person should not have applied because the Government did not establish causation or that the deaths were reasonably foreseeable.

Based on the evidence presented at trial, a rational trier of fact could have found Valdes guilty of both offenses.  Jackson v. Virginia, 443 U.S. 307, 318 (1979).  The evidence showed that Valdes was involved in transporting illegal aliens within the United States and conspired with numerous other people to accomplish this purpose.  Several members of the conspiracy were involved in the fateful July 27, 2002, load in which two of the aliens being transported died of heat stroke.  See United States v. Maceo, 947 F.2d 1191, 1198 (5th Cir. 1991).  There also was evidence directly linking Valdes to the load.

Given the involvement of both Valdes and his co-conspirators in the transportation of the aliens who died, the fact that the deaths were reasonably foreseeable as a consequence of the smuggling activities, as well as the fact that the deaths were caused by the aliens being transported for profit, the district court did not err in applying the eight-level enhancement in U.S.S.G. § 2L1.1(b)(6).  See United States v. Garcia-Guerrero,

313 F.3d 892 (5th Cir. 2002); <u>United States v. Cuyler</u>, 298 F.3d 387, (5th Cir. 2002).

AFFIRMED.